ACCEPTED
15-25-00103-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/5/2025 2:10 PM
CHRISTOPHER A. PRINE
CLERK

# IN THE FIFTEENTH COURT OF APPEALS OF TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/5/2025 2:10:30 PM
CHRISTOPHER A. PRINE
Clerk

## NO. 15-25-00103-CV

**Firoz Dhamani,**
*Appellant*

**v.**

**Mustapha Oulad-Chikh,**
**derivatively on behalf of GLOBAL REAL ESTATE, LLC,**
*Appellee*

---

## MOTION TO ABATE APPEAL

---

On Appeal from Texas Business Court, First District;
Hon. Andrea K. Bouressa, Presiding Judge.

---

**ORAL ARGUMENT**
**CONDITIONALLY REQUESTED**

**Brian K. Norman**
bkn@snlegal.com
**Michael L. Hood**
mhood@snlegal.com
**Russell J. DePalma**
rjd@snlegal.com
**SHAMOUN & NORMAN, LLP**
1800 Valley View Lane, Ste. 200
Farmers Branch, TX 75234
(214) 987-1745
**ATTORNEYS FOR APPELLANT**

**TO THE HONORABLE COURT OF APPEALS:**

COMES NOW, Appellant Firoz Dhamani, Defendant below, and files this Motion to Abate Appeal. Appellant would show the following:

1.      Regarding the requested abatement, Appellee (Plaintiff in the trial court) does *not* oppose the relief sought herein.

2.      On June 12, 2025, Appellant filed his Notice of Appeal.

3.      On June 23, 2025, this Court notified the parties that the Reporter's Record had been filed. Because the Clerk's Record had been filed earlier, the Reporter's Record filing commenced the briefing schedule.

4.      This is an accelerated appeal, therefore the deadline for Appellant's brief is 20 days after the Court receives the full appellate record, or was initially Monday July 14, 2025.

5.      In the time since Appellant instituted this appeal, the parties have sought to resolve their dispute. To enable the parties to concentrate on said resolution, and not spend money on appellate proceedings that would only prolong this lawsuit, Appellant has sought a series of extensions.

6.      The Court granted Appellant's first unopposed extension request and moved the deadline for Appellant's brief to August 13, 2025.

7.      The Court granted Appellant's second unopposed extension request and moved the deadline for Appellant's brief to September 15, 2025.

8.     The Court granted Appellant's third unopposed extension request and moved the deadline for Appellant's brief to October 17, 2025.

9.     Appellant informed the Court in his Third Request for Extension:

As part of the settlement, and conclusion of their dispute, the parties are negotiating securitized loans on properties in multiple states, restructuring the ownership of their LLC, unwinding their other transactions, and effectuating the sale of the 'Wagon Wheel' property in Texas and another large property in Tennessee to third-parties – a complicated set of transactions … to ensure all parties' interests are protected.

10.     Appellant further stated that "the terms, conditions, and any necessary third-party involvement to effectuate the parties' deal, are being negotiated." Those negotiations have moved substantially forward in the intervening five weeks but are not concluded. Appellant apologizes to the Court for not keeping the Court apprised of such status, which resulted in the Court's order of October 23, 2025.

11.     In an earlier motion for extension, Appellant represented to this Court that "[t]he negotiations are complex because the business that is the subject of the parties' dispute owns properties in multiple states that will be affected by any resolution." This conclusion has not changed since Appellant filed his previous motions for continuance, which the Court granted. The negotiations include both Appellant and Appellee (as an individual, not in a

3

derivative capacity), a third-party lender, and the entity that Appellee claims to represent derivatively.

12. On August 15, 2025, Appellant sent a first set of deal documents to Appellee to review. The set contained a settlement and release among 32 operative agreements and resolutions relating to the Global Real Estate, LLC, management and holdings.

13. On September 12, 2025, Appellee sent his proposed revisions and negotiation points.

14. On October 10, 2025, Appellant sent a second set of 29 documents – the total had been reduced in part by combining some prior stand-alone documents – and currently awaits reversion from Appellee.

15. The Court granted a Fourth Extension for Appellant to file his brief on October 30, 2025, and extended the deadline to December 8, 2025. Since then, Appellant has not heard from Appellee regarding the settlement documents and the status of settlement.

16. At this point, although Appellant would like to have the settlement concluded, he is uncertain of the status and may have to reopen matters in the Business Court instead of pursuing settlement and maintaining this appeal. That issue is murky because Appellant has no clarity from Appellee regarding

4

any of their negotiations or activities, and recent events have caused Appellant concern that Appellee may undermine the deal.

17. Unfortunately, the few facts Appellant has regarding Appellee's intentions have only been revealed in the days immediately following the Thanksgiving holiday and are not clear.

18. Through Wednesday, December 3, Appellant's lead briefing attorney for this appeal (Mr. DePalma) had been in trial in Kaufman County for error preservation, jury charge issues, and pre-verdict motions, therefore his ability to work on this appeal has been impacted and he had refrained from incurring expenses for Appellant in the hope that the settlement would conclude.

19. To ensure the parties focus their energies on reaching an accord, and employ their attorneys primarily for resolving their dispute instead of perpetuating it, Appellant effectively seeks an extension of his briefing deadline, but understands that asking for yet another extension is somewhat insufficient to the circumstances. Appellant has reason to believe that Appellee may be taking actions that will require further litigation in the Business Court prior to involving this Court, but still prefers to conclude the deal that the parties have, in principle, created. Appellant would therefore request that the

Court *abate* this appeal for no less than 60 days, and re-set Appellant's briefing deadline to 20 days after any reinstatement.

20.     Appellant is ready and willing to provide a status update at any point in the new year to assist the Court in determining the course of this appeal, which will also enable Appellant to further determine a course of action. Appellant remains hopeful of obtaining a settlement, which would terminate this appeal and therefore obviate any further need for this proceeding.

21.     For the reasons stated above, and to prevent continually reapplying to the Court for briefing extensions, Appellant requests that the Court abate this appeal for 60 days.

22.     Appellant does not seek the abatement for delay but to ensure justice will not be denied.

Respectfully submitted,


*/s/Russell J. DePalma*
**BRIAN K. NORMAN**
Texas Bar No. 00797161
bkn@snlegal.com
**STEVEN R. TITTLE, JR.**
State Bar No. 24028043
s@snlegal.com
**MICHAEL L. HOOD**
State Bar No. 099434435
mhood@snlegal.com
**RUSSELL J. DePALMA**
Texas Bar No. 00795318
rjd@snlegal.com
**DAVID JEFRIE MIZGALA**
State Bar No. 24031594
djm@snlegal.com
**SHAMOUN & NORMAN, LLP**
1800 Valley View Lane, Suite 200
Farmers Branch, Texas 75234
Telephone:  (214) 987-1745
**Attorneys for Appellant, Firoz Dhamani**

## CERTIFICATE OF CONFERENCE

I certify that on December 5, 2025 I conferred with Jesse Hoffman, counsel for Appellee, who indicated that this motion is unopposed.

*/s/Russell J. DePalma*
**RUSSELL J. DePALMA**

## CERTIFICATE OF SERVICE

I certify that, on December 5, 2025, I served a copy of this motion by electronic service and electronic mail upon counsel for Appellee.

*/s/Russell J. DePalma*
**RUSSELL J. DePALMA**

## CERTIFICATE OF COMPLIANCE

I certify that this Motion complies with the type size and word count limitations set forth in the Texas Rules of Appellate Procedure because it contains 941 words not exempt from the word count limits and has been generated in a 14-point proportionate-type font.

*/s/Russell J. DePalma*
**RUSSELL J. DePALMA**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Donnabell Lathrom on behalf of Russell DePalma
Bar No. 795318
dbl@snlegal.com
Envelope ID: 108779856
Filing Code Description: Motion
Filing Description: Motion to Abate Appeal
Status as of 12/5/2025 2:22 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brian K.Norman | | bkn@snlegal.com | 12/5/2025 2:10:30 PM | SENT |
| Michael L.Hood | | mhood@snlegal.com | 12/5/2025 2:10:30 PM | SENT |
| Russell DePalma | | rjd@snlegal.com | 12/5/2025 2:10:30 PM | SENT |
| Julia Cain | | jec@snlegal.com | 12/5/2025 2:10:30 PM | SENT |
| David Mizgala | | djm@snlegal.com | 12/5/2025 2:10:30 PM | SENT |
| Jesse Hoffman | | jhoffman@mccathernlaw.com | 12/5/2025 2:10:30 PM | SENT |
| Asher  Miller | | amiller@mccathernlaw.com | 12/5/2025 2:10:30 PM | SENT |